18186

The STATE, Respondent, v. John KIRBY, Appellant

(135 S. E. (2d) 361)

*Matthew Poliakoff, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Horace C. Smith, Solicitor,* and *Thomas J. De-Zern* and *Bobby M. Pruitt,* of Spartanburg, *for Respondent,*

March 19, 1964.

BRAILSFORD, Justice.

The defendant John Kirby was tried at the March, 1963, term of the Spartanburg County Court upon an indictment charging him with assault and battery of a high and aggravated nature. He was convicted as charged and sentenced to serve a term of three years, suspended upon the service of ninety days and probation for three years.

The evidence for the State tended to establish that, without just cause or excuse, the defendant fired a pistol at the prosecuting witness, and, a short time later, struck him on the head several times with the same weapon. These blows knocked the victim to the floor and caused lacerations which required medical attention.

The sufficiency of the evidence to warrant submission of the case to the jury was not challenged.

At the call of the case for trial, the defendant moved for a continuance upon the ground that "the key witness" for the defense was in the military service and temporarily unavailable. Counsel presented an affidavit as to what the witness would testify if present, which the State agreed to admit in evidence. Thereupon, the court overruled the motion for a continuance and, by his first and third exceptions, the defendant assigns this ruling as error.

A motion for continuance is addressed to the sound discretion of the trial court and its ruling will not be disturbed on appeal except upon a clear showing

of abuse of discretion (7 West's S. C. Digest, Criminal Law, 586). No such showing is made here. The record indicates that an affidavit as to what the absent witness would have testified if present was read to the jury, but we are left in the dark as to the contents of the affidavit, which is not included in the transcript.

The next exception assigns as error the court's refusal to grant defendant's motion for a mistrial which was made upon the ground that the assistant solicitor made improper and prejudicial statements during argument, to the general effect that if defendant had wanted the absent witness at the trial he could have had him there. The trial judge promptly sustained the objection to this remark and properly admonished the jury thereabout. Defendant's counsel was evidently satisfied with the instruction for he made no request for a further instruction when he was given an opportunity to do so at the conclusion of the general charge. It is well settled that the granting or denial of a motion for a mistrial for anything occurring during the trial is in the sound discretion of the judge and his ruling thereon will not be disturbed unless there has been an abuse of discretion. 18 West's S. C. Digest, Trial, 18. Here, we are of the opinion that the instructions of the trial judge were effective and that he wisely exercised his discretion in refusing the motion.

The next exception merely charges that "the sentence of the Court was excessive." It presents no issue for review by this court. 7 West's S. C. Digest, Criminal Law, 1147.

The final exception charges that the court prejudiced the defendant "by too much repetition and over-emphasizing the fact that the affidavit of the absent witness was not admitted by the State as being the truth * * *." Counsel evidently did not have the benefit of the record in preparing the exceptions, for the *sole* reference to the matter complained of which we find in the instructions is the following appropriate statement: "Now by that, the

state does not admit the truth of the statement, but admits that if the witness were present in person, that this is what the witness would testify to * * *."

Affirmed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.